IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER L. JONES, )
) No. 14-849
V. )
)
COMMISSIONER OF SOCIAL
SECURITY.

## SYNOPSIS

Plaintiff, who was born in 1970, filed an application for supplemental social security income pursuant to Title XVI of the Social Security Act, alleging disability due to results of a leg injury from a car accident when he was twenty months of age, and various mental impairments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

### A. MEDICAL OPINION EVIDENCE

First, Plaintiff contends that the ALJ did not adequately explain why the opinions of Dr. Santiago, Dr. Uran, and Dr. Dr. Chatha "were not considered." Regarding Plaintiff's mental impairments, the ALJ found as follows:

> I give great weight to the opinions of the state agency medical and psychological consultants because I find them to be well supported and consistent with other substantial evidence of record as set forth above. I give some weight to the opinions of both the medical and psychological consultative examiner's [sic] but I find that the examiners relied too heavily on the claimants subjective complaints and in some instances their assessments appear at odds with the

2

narrative reports of their examinations. I give no weight to the opinion of Dr. Santiago, a treating source, because it is inconsistent with other evidence of record including the claimant's lack of any psychiatric hospitalizations, Dr. Uran's narrative report, and the claimant's psychiatric treatment notes.[1]

The ALJ did, in fact, consider the opinion of Dr. Uran, a consultative psychiatric examiner whose opinion was afforded "some weight." Dr. Uran concluded that Plaintiff was moderately limited in understanding and remembering detailed instructions, and responding appropriately to changes in a work setting. She found him markedly limited in carrying out detailed instructions, as well as in interacting appropriately with the public and co-workers, and in responding appropriately to work pressures. She considered all other potential limitations non-existent or slight. The ALJ considered and discussed Dr. Uran's September, 2011 examination and report. Further, the ALJ accommodated Dr. Uran's opinion in his residual functional capacity statement ("RFC"), by limiting Plaintiff to low stress work, simple repetitive tasks in a routine work setting and with routine processes, no high production work or close attention to quality production standards, no teamwork and no contact with members of the general public. I find no error in the ALJ's approach.

The same is true for Dr. Chatha, a consultative physical examiner. The ALJ discussed Dr. Chatha's examination, which found a full range of motion and complete healing in the injured knee, despite subjective discomfort. Nonetheless, the ALJ incorporated Dr. Chatha's limitations into the RFC, as well as including additional postural limitations that Dr. Chatha did not indicate. The RFC limited Plaintiff to sedentary work with no crawling, kneeling, squatting, balancing at heights, or climbing; and no tasks requiring the operation of foot controls. Accordingly, I find no error in the ALJ's treatment of Dr. Chatha's opinion.

---

[1] The ALJ"s citations to the record are omitted.

Finally, I reach Dr. Santiago, Plaintiff's treating psychiatrist. It appears that Dr. Santiago saw Plaintiff in January, June, and August of 2011, and then in February, 2012. He diagnosed Plaintiff with major depressive disorder, recurrent, moderate, without psychosis; posttraumatic stress disorder; and dysthymic disorder. In December, 2013, Dr. Santiago completed a "Rating of Impairment Severity Listing" check-the-box form, in which he noted marked restriction or difficulty in activities of daily living; maintaining social functioning; maintaining concentration, persistence, or pace; and repeated episodes of decompensation, each of extended duration. He noted that Plaintiff had been suffering from the limitations for 10-12 years. Dr. Santiago left blank the portion of the questionnaire requesting medical findings to support these limitations. He indicated "poor" ability – and not no ability – to perform many work-related activities. In support of these "poor" ratings, Dr. Santiago noted, <u>inter alia</u>, that Plaintiff had not worked since 2000. As the ALJ observed, Dr. Santiago's treatment notes, and the record in general, do not support the severity of the limitations listed. Moreover, as with Dr. Uran and Dr. Chatha, the ALJ clearly examined Dr. Santiago's records, and the RFC does, in fact, accommodate most, if not all, of Dr. Santiago's opinions.

While Plaintiff correctly states that office notes and opinion assessments differ in purpose, "check-the-box" forms are "weak evidence at best." <u>Mason v. Shalala</u>, 994 F.2d 1058, 1065 (3d Cir. 1993); <u>Grogan v. Comm'r of Social Security</u>, 459 F. App'x 132, 138 n.7 (3d Cir. 2012). Further, an ALJ may reject a treating physician's opinion, if that opinion is inconsistent with the other medical evidence of record, including that physician's own progress notes. <u>Lewis v. Colvin</u>, 2014 U.S. Dist. LEXIS 3600 (W.D. Pa. Jan. 13, 2014). While further explanation of the analysis of this treating physician's records would have been preferable, for reasons of clarity

of review and procedural propriety, I find no reversible error in the ALJ's treatment of Dr. Santiago's opinion.

## B. SUBJECTIVE COMPLAINTS

Next, Plaintiff argues that the ALJ dealt improperly with his subjective pain complaints, which were found not entirely credible to the extent concerning the intensity, persistence, and limiting effects of his symptoms. An ALJ's credibility determination is entitled to great deference. Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761 (3d Cir. 2009). Accordingly, courts are "particularly reluctant" to overturn an ALJ's credibility determination. Woodson v. Barnhart, 2006 U.S. Dist. LEXIS 57853, at *10 (E.D. Pa. Aug. 14, 2006). Plaintiff argues that his complaints to his physician should be deemed credible. "Doctor's notes that are 'simply a recitation of [claimant's] own subjective complaints' … are not objective medical evidence." McClease v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 101190, at *27 (E.D. Pa. 2009). In other words, "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." Hatton v. Comm'r, 131 F. App'x 877, 879 (3d Cir. 2005). The ALJ's decision reflects that he reviewed all of the medical evidence, and assessed the weight to be afforded that evidence. The ALJ's process and conclusions, therefore, are consistent with applicable standards. Cf. Harkins v. Comm'r of Soc. Sec., 399 Fed. Appx. 731, 735 (3d Cir. N.J. 2010).

## CONCLUSION

While I empathize with Plaintiff's apparent sense of frustration with the disability process, under applicable standards, I have no grounds on which to reverse the ALJ's decision. Accordingly, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

5

## ORDER

AND NOW, this ____ day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:


Donetta W. Ambrose

U.S. District Court